## H. S. COHEN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

June 16, 1916.

Nos.  19,863—(154).

**Carrier — bill of lading — wrong consignor named.**
   The defendant, a common carrier, safely carried and made delivery
of a shipment of berries to the consignee, but in the freight or expense
bill erroneously inserted the name of W. L. Monstad as consignor
instead of plaintiff, the owner of the shipment.    The consignee paid the
consignor so named for the berries.    Before this action for the recovery
of the value of the shipment was begun, Monstad returned to the con-

[1]Reported in 158 N. W. 334.

signee the money so received. It is *held* that when the money was
so returned the error was rectified, and no damage resulted to plaintiff
from defendant's carelessness.

Action in the district court for Ramsey county to recover $110. The
facts are stated in the opinion. The case was tried before Dickson, J., who
denied defendant's motion for judgment on the pleadings, made findings
and ordered judgment for $71.76 against ·defendant. From an order
denying its motion to amend the findings and grant judgment for defend-
ant or for a new trial, defendant appealed. Reversed.

*M. D. Munn, E. O. Wergedahl, George A. Kingsley* and *N. B. Tyrrell,*
for appellant.

*James E. Markham,* for respondent.

HOLT, J.

Plaintiff delivered to defendant at Danbury, Wisconsin, 38 cases of
blueberries for shipment to St. Paul, Minnesota. The berries were carried
and delivered to Andrew Schoch Grocery Company, the consignee. In
the expense bill, W. L. Monstad, another berry shipper from Danbury,
was erroneously named as consignor, and the consignee paid him for the
berries. Plaintiff sued the carrier, this defendant, claiming that it had
undertaken to carry and deliver the property as his, but that carelessly
and negligently it failed to do so, thereby causing the shipment to be
wholly lost to him. The court made findings directing judgment against
defendant for the value of the berries. It appeals from the order denying
a new trial.

In addition to the above recital this may be added: Plaintiff was a
berry shipper at Danbury, and his drayman delivered the shipment to
defendant's station agent, receiving a shipping receipt or bill of lading.
Plaintiff was in the habit of shipping to Andrew Schoch Grocery Company
and to one other firm at St. Paul, but without advising them of the
shipments and without forwarding the bill of lading with the goods. The
grocery company's drayman went daily to the freight depots in St. Paul
and received the goods marked for delivery to the company; obtained from
the carrier the freight or expense bills; paid them, and turned these bills
in to the company, either with the load, or at the close of the day. The
grocery company thereupon remitted the prevailing market price of the

goods to the sender. A mistake in the expense bill, by naming Monstad the consignor instead of plaintiff, was evidently made in respect to the shipment here involved. After the grocery company had remitted the money for the berries to Monstad, the error was discovered. Thereupon, and prior to this suit, Monstad, at the direction of the grocery company, returned the money so received to its agents in Wisconsin, where it was garnished in a suit against plaintiff.

The learned trial court took the view that defendant's mistake in the expense bill amounted to a conversion of the berries, saying: "These berries were not delivered nor received pursuant to the bill of lading; but were delivered by the defendant and received by the Schoch Company in violation of the bill of lading and as the goods of Monstad. It amounted to the same thing as a delivery to the wrong consignee, or to the taking of the goods away from Cohen by the defendant and giving them to Monstad. In law they never were delivered to the consignee by the carrier, but through its negligence were converted during transit and the carrier is liable to the consignor for their value." We are unable to hold the error in the freight bill a conversion of the shipment. It may be assumed, for the purposes of this case that, if the mistake occurred through defendant's carelessness or negligence and such mistake caused any loss to plaintiff, defendant would be liable. But here the undisputed evidence demonstrates that no loss or damage did result to plaintiff from the error. In fact, no loss or damage came to any one. As soon as Monstad and the Schoch Grocery Company discovered the mistake, it was rectified by a return to the latter of the money paid the former. That left all parties in the position they would have occupied in respect to the shipment had the expense bill been correct. From that time on the grocery company was unquestionably indebted to plaintiff for the berries, as plaintiff intended it should be. Had the grocery company known that the shipment belonged to plaintiff when it received this incorrect expense bill, it seems plain that no liability against defendant in favor of this plaintiff could have been created by sending the money to Monstad, even if the latter had been irresponsible and had refused to return it. Here, before suit, the grocery company regained the money paid out on account of defendant's error, and, so far as shown by the record, has been amply able at all times to pay plaintiff for the berries.

We reach the conclusion that upon the undisputed facts defendant is entitled to findings in its favor. The Schoch Grocery Company admits that Monstad returned all the money sent him for the berries before this action was brought. The court should have so found.

The cause is remanded with direction to the trial court to amend its findings accordingly and order judgment in favor of defendant.

Reversed and remanded.